ORIGINAL

BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
JOHN L. HAEUSSLER (215044)
402 West Broadway, Suite 850
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA (141757)
THEODORE J. PINTAR (131372)
HELEN L. ZELDES (220051)
RACHEL L. JENSEN (211456)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Co-Lead and Interim Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| IN RE: NATIONAL WESTERN LIFE INSURANCE DEFERRED ANNUITIES LITIGATION | Case No. 05-CV-1018 JM (LSP) |
| | CLASS ACTION |
| This File Relates To: | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION |
| All Actions. | |
| | JUDGE: Hon. Jeffrey T. Miller |

STIP. AND [PROP.] PROTECTIVE ORD. RE CONFIDENTIAL AND TRADE SECRET INFO.
Case No.: 05-CV-1018 JM (LSP)

This Stipulation and Proposed Order Regarding Confidential and Trade Secret Information ("Order") shall govern, for pretrial purposes only, the use of confidential information produced during discovery in this proceeding. For purposes of this Order, the party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items. This order does not restrict the use or dissemination of information obtained legally from sources other than the parties and/or their counsel.

1. For purposes of this Order, "Confidential" information means the following types of documents and information:

    a) confidential information that constitutes a trade secret in accordance with California Civil Code § 3426.1;

    b) an individual's confidential financial, medical, or personnel records;

    c) financial or actuary projections, analyses or studies reflecting past, current or future experience or actions;

    d) non-public communications with regulators, Departments of Insurance or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

    e) confidential information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

    f) confidential policyholder-specific information.

2. Any such party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents and information. The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. As reasonably practicable, to the extent the document contains both confidential and non-confidential information, the Designating Party shall delineate the portions constituting Confidential Material and the remaining portions of the document or material not deemed Confidential.

4. The designation of any material as "Confidential" pursuant to this Order shall constitute the verification of counsel for the producing party that the material constitutes Confidential information as defined in Paragraph 1 of this Order.

5. Material designated by a party or non-party or their counsel ("Designating Party") as confidential under this Order (hereinafter "Confidential Material") shall be used by persons receiving it only for the purposes of the litigation or settlement of this action. Confidential Material may be used for such other purposes or in such other actions as agreed in writing by the parties or ordered by the Court; provided, that all parties reserve their respective rights to request the Court in accordance with applicable law that any Confidential Material may be used for purposes of related actions.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

a) the parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b) counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate

attorneys and who are actually working on this action, all of whom shall be bound by this Order;

c) the Court and any person employed or retained by the Court whose duties require access to confidential material;

d) stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

e) any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

f) actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses, including associated personnel necessary to assist them in this action;

g) experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

h) employees of outside litigation support services engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; and

i) such other persons as may be designated by written agreement of Counsel or by order of the Court.

7. Prior to receiving any Confidential Material, each Qualified Persons described in paragraphs 6(e) through 6(g) (who is not otherwise covered by one of the other subparagraphs of Paragraph 6) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 6(e) through 6(g) shall be responsible for retaining the executed

originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 15.

8. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the party that produced the Confidential Material of the disclosure.

9. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or received notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly notify the Designating Party of such process or request, and afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

10. Counsel for any deponent or party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Failure of Counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until counsel for the deponent or party designates the transcript or exhibits as confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

11. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than

1  those persons designated in Paragraph 6 and outside counsel for any non-party deponent (who
2  shall first sign the Confidentiality Agreement).
3      12. A party or other person objecting to designation of any document(s) or
4  material(s) as the Confidential Material shall provide written notice of the objection to counsel
5  for the Designating Party, specifying the document(s) or material(s) that are the subject of the
6  objection. Upon receipt of the written objection, counsel for the Designating Party shall, within
7  twenty (20) days, provide a written response to the objecting party explaining the basis for the
8  designation as Confidential Material; otherwise the document(s) or material(s) shall be deemed
9  to be no longer Confidential without a court order. The parties and any other objecting
10  person(s) shall confer in good faith in an effort to resolve the objection and any response by the
11  Designating Party. If the objecting party or person and the Designating Party are unable to
12  resolve the issue, the Designating Party, within fourteen (14) days after serving its written
13  response to the objection notification, may file a motion with the court to continue the
14  designation of the document(s) or material(s) as "Confidential Material." In deciding such a
15  motion, the Court shall make an independent determination as to whether or not the
16  document(s) or material(s) is Confidential and is entitled to protection under applicable law. To
17  maintain confidential status, the Designating Party shall have the burden of establishing that the
18  document(s) or material(s) constitutes Confidential Material as defined in Paragraph 1 of this
19  Order, and is entitled to protection under applicable law. If the Designating Party does not file a
20  motion seeking to maintain the "Confidential Designation" within fourteen (14) days after
21  serving its written response to the objection to confidentiality, the document(s) or material(s) at
22  issue shall be deemed to be no longer confidential.
23      13. If any Confidential Material is inadvertently provided to a discovering party
24  without being marked as confidential in accordance with Paragraph 3 of this Order, the
25  producing party may thereafter designate such materials as confidential and the initial failure to
26  so mark the material shall not be deemed a waiver of its confidentiality. Until the material is
27  designated as confidential by the Designating Party, however, the discovering party shall be
28  entitled to treat the material as non-confidential. When the material is designated as

confidential, the discovering party shall take prompt steps to assure that the material is marked as confidential or returned to the Designating Party for confidential designation pursuant to Paragraph 3 of this Order. The cost, if any, for gathering and/or marking this material as confidential shall be borne by the Designating Party.

14. After final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise), any party who produced Confidential Material may, by written notice, request the return or destruction of all Confidential Information, including all copies retained by the party to whom the request is made and its counsel and experts. Such returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof. However, the producing party may request its destruction. The return or destruction of such confidential information shall take place within 30 days of the request. Counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

15. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

16. Nothing contained in this Order shall be a waiver of any objections to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

17. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, depositions transcripts, or other documents which are designated as Confidential Material are filed with the Court for any purpose, the party seeking to file such material shall obtain permission of the Court to file said material under seal. Any documents which are designated as Confidential Material that are being submitted to the Court shall be contained in a sealed envelope which (a) is endorsed with the caption of the case; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend: "FILED CONDITIONALLY UNDER SEAL"

Concurrent with this filing, a proposed order requesting the Confidential Material be filed under seal shall be lodged with the Court. The proposed order shall contain the following language: "This/These document(s) contain or attach information or material designated as confidential. Accordingly, this/these document(s) shall be filed under seal."

DATED: 10/10/06

FULBRIGHT & JAWORSKI L.L.P.
ROBERT W. FISCHER, JR.

_____
ROBERT W. FISCHER

555 South Flower Street, 41st Floor
Los Angeles, CA 90071

Attorneys for Defendant National Western

DATED: 10/9/06

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
JOHN L. HAEUSSLER

_____
STEPHEN R. BASSER

402 West Broadway, Suite 850
San Diego, CA 92101

Co-Lead and Interim Class Counsel

DATED: 10/9/06

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
THEODORE J. PINTAR
RACHEL L. JENSEN

_____
THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA 92101

Co-Lead and Interim Class Counsel

1  **IT IS SO ORDERED.**

2  DATED: __10/13__, 2006

3  HONORABLE ~~JEFFREY T. MILLER~~ Leo S. PAPAS
   UNITED STATES DISTRICT COURT JUDGE
                                    Magistrate

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Fulbright & Jaworski L.L.P., 555 South Flower Street, Suite 4100, Los Angeles, California 90071.

On October 10, 2006, I caused to be served the foregoing document(s) described as: **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION** on interested parties in this action as follows:

☒ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**SEE ATTACHED SERVICE LIST**

☐ **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated on the attached Service List.

☐ **(BY PERSONAL SERVICE)** I caused the aforementioned documents to be personally served at the offices of counsel for _____ as stated on the attached Service List by First Legal Support Services.

☒ **(BY E-MAIL)** I caused said document to be sent via e-mail to the following parties at the e-mail address as stated below:

John J. Stoia - johns@lerachlaw.com
Theodore J. Pintar - tedp@lerachlaw.com
Phong L. Tran - ptran@lerachlaw.com
Rachel L. Jensen - rachelj@lerachlaw.com
Steven M. Jodlowski - stevej@lerachlaw.com

Lerach Coughlin Stoia Geller
 Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, California 92101

Stephen R. Basser - sbasser@barrack.com
John L. Haeussler - jhaeussler@barrack.com

Barrack, Rodos & Bacine
402 West Broadway, Suite 850
San Diego, California 92101

☐ **(BY FACSIMILE)** I caused said document to be transmitted electronically to the interested parties at the facsimile numbers as stated on the attached service list.

Executed on October 10, 2006, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Kay Koster

## SERVICE LIST
### In re National Western Life Insurance Deferred Annuities Litigation
### Case No.: 05CV1018 JM (LSP)

*Counsel for Plaintiffs*

| | |
|---|---|
| Alan F. Markowitz<br>150 Monument Road, Suite 603<br>Bala Cynwyd, Pennsylvania 19004<br>Telephone: (610) 660-6515<br>Facsimile: (610) 664-7861 | Leonard Barrak<br>Daniel E. Bacine<br>William J. Ban<br>Barrack, Rodos & Bacine<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 963-0600<br>Facsimile: (215) 963-0838 |
| Jonathan Auerbach<br>Jerome M. Marcus<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604 | David S. Senoff<br>Billet & Connor P.C.<br>2000 Market Street, Suite 2803<br>Philadelphia, Pennsylvania 19103-3201<br>Telephone: (215) 496-7500<br>Facsimile: (215) 496-7505 |
| Andrew S. Friedman<br>Elaine A. Ryan<br>Patricia N. Syverson<br>Bonnett, Fairbourn, Friedman & Balint, P.C.<br>2901 North Central Avenue, Suite 1000<br>Phoenix, Arizona 85012<br>Telephone: (602) 274-1100<br>Facsimile: (602) 274-1199 | Howard D. Finkelstein<br>Mark L. Knutson<br>Finkelstein & Krinsk LLP<br>501 West Broadway, Suite 1250<br>San Diego, California 92101<br>Telephone: (619) 238-1333<br>Facsimile: (619) 238-5425 |
| Jacob A. Goldberg, LLC<br>P.O. Box 30132<br>Elkins Park, Pennsylvania 19027<br>Telephone: (215) 782-8235<br>Facsimile: (215) 782-8236 | Christa Collins<br>John A. Yanchunis<br>J. Andrew Meyer<br>James, Hoyer, Newcomer & Smiljanich, P.A.<br>4830 West Kennedy Boulevard, Suite 550<br>Tampa, Florida 33609-2589<br>Telephone: (813) 286-4100<br>Facsimile: (813) 286-4174 |
| Gary P. Lightman<br>Glenn A. Manochi<br>Lightman, Manochi & Christensen<br>1520 Locust Street, 12th Floor<br>Philadelphia, Pennsylvania 19102-4401<br>Telephone: (215) 545-3000<br>Facsimile: (215) 545-3001 | Louis H. Renne<br>Ingrid M. Evans<br>Renne Sloan Holtzman & Sakai, LLP<br>50 California Street, Suite 2100<br>San Francisco, California 94111<br>Telephone: (415) 678-3800<br>Facsimile: (415) 678-3838 |

| | | |
|---|---|---|
| 1 | | |
| 2 | William M. Shernoff<br>Evangeline F. Garris | John J. Stoia<br>Theodore J. Pintar |
| 3 | Joel A. Cohen<br>Shernoff, Bidart & Darras LLP | Phong L. Tran<br>Rachel L. Jensen |
| 4 | 600 South Indian Hill Boulevard<br>Claremont, California 91711-5948 | Steven M. Jodlowski<br>Lerach Coughlin Stoia Geller |
| 5 | Telephone: (909) 621-4935<br>Facsimile: (909) 625-6915 | Rudman & Robbins LLP<br>655 West Broadway, Suite 1900 |
| 6 | | San Diego, California 92101 |
| 7 | Stephen R. Basser | |
| 8 | John L. Haeussler<br>Barrack, Rodos & Bacine | |
| 9 | 402 West Broadway, Suite 850<br>San Diego, California 92101 | |
| 10 | *Co-Counsel for Defendant* | |
| 11 | Kent R. Keller | |
| 12 | Larry M. Golub<br>Barger & Wolen LLP | |
| 13 | 633 West Fifth Street, 4th Floor<br>Los Angeles, California 90071 | |
| 14 | Telephone: (213) 680-2800<br>Facsimile: (213) 614-7399 | |