1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In re                                              CASE NO. 05-CV-1018 JLS (WVG)

12  NATIONAL WESTERN LIFE INSURANCE        **ORDER: OVERRULING IN PART
    DEFERRED ANNUITIES LITIGATION          AND SUSTAINING IN PART
13                                          PLAINTIFFS' LIMITED
                                            OBJECTIONS**
14
                                            (Doc. No. 224)
15

16          Presently before the Court are Plaintiffs' limited objections to Magistrate Judge Gallo's

17  amended Order granting Defendant National Western Life Insurance Company's request to take

18  limited depositions of absent class members. (Doc. No. 224 (Order).) Also before the Court is

19  Defendant's response. (Doc. No. 226 (Resp.).) For the reasons stated below, Plaintiffs' objections

20  are **OVERRULED IN PART** and **SUSTAINED IN PART**.

21          On November 19, 2010, after considering a discovery dispute submitted by joint statement,

22  Judge Gallo granted Defendant's request to take limited depositions of absent class members. (Order

23  4.) Judge Gallo limited Defendant to sixteen depositions, limited the depositions to four major

24  metropolitan areas, and limited each deposition to no more than two hours in length. (*Id.*) Judge

25  Gallo also established a procedure for selecting deponents whereby Plaintiffs, at their sole discretion,

26  would select sixteen deponents from a list of sixty-four putative class members created by Defendant.

27  (*Id.* at 4–5.)

28          Because it is a discretionary decision regarding a non-dispositive pretrial matter, the Court

                                            - 1 -                                    05cv1018

1    reviews Judge Gallo's Order using a "clearly erroneous or contrary to law" standard.  28 U.S.C.

2    § 636(b)(1); *see also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning

3    discovery generally are considered 'nondispositive' of the litigation."); *FDIC v. Fideliy & Deposit Co.*

4    *of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).  "The 'clearly erroneous' standard applies to factual

5    findings and discretionary decisions made in connection with non-dispositive pretrial discovery

6    matters."  *Fidelity*, 196 F.R.D. at 378.  "Clearly erroneous" review is "significantly deferential,

7    requiring 'a definite and firm conviction that a mistake has been committed.'"  *Concrete Pipe &*

8    *Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).  On the other hand, "contrary

9    to law" review "permits independent review of purely legal determinations by the magistrate judge."

10   *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer Econs., Inc. v. Gartner Group, Inc.*, 50 F.

11   Supp. 2d 980, 983 (S.D. Cal. 1999)).

12          Having reviewed Plaintiffs' objections and Judge Gallo's Order, the Court will **OVERRULE**

13   **IN PART** and **SUSTAIN IN PART** Plaintiffs' objections.  Plaintiffs advance three objections to

14   Judge Gallo's Order, and the Court addresses each in turn.

15          First, Plaintiffs argue that "[sixteen] depositions is too many, based on the burden and cost on

16   counsel and absent Class member deponents."  (Doc. No. 224-1 (Mem. ISO Objections), at 1.)

17   Accordingly, Plaintiffs ask this Court to limit Defendant to eight depositions. (*Id.* at 4.)  In support

18   of this objection, Plaintiffs cite authorities holding that "discovery from absent class members is

19   'rarely' appropriate."  (*Id.* at 3 (citing, *inter alia*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810

20   n.2 (1985)).)  These authorities are inapposite, however, because Plaintiffs do not object to Judge

21   Gallo's decision to grant Defendant's request to take depositions of absent class members; rather,

22   Plaintiffs object to the number of depositions Judge Gallo allowed.  (Mem. ISO Objections 3

23   ("Plaintiffs believe that [sixteen] absent Class member depositions, as authorized by Magistrate Judge

24   Gallo, are excessive.").)  The cited authorities provide no basis for holding that Judge Gallo's

25   authorization of sixteen depositions is the product of clear error or contrary to law.  Additionally,

26   Plaintiffs cite Magistrate Judge Bencivengo's decision in a "very similar action," *Iorio v. Allianz Life*

27   *Insurance Co. of North America*, Case No. 05-CV-0633 JLS (CAB), to allow "just [ten] absent class

28   member depositions," despite the larger number of annuity contracts at issue.  (Mem. ISO Objections

1    1 (citing Doc. No. 224-2 (Tran Decl. ISO Objection) Ex. 1).)  However, the Court cannot conclude,

2    based on what another magistrate judge did in another action, that Judge Gallo's Order here is clearly

3    erroneous or contrary to law.

4    Second, Plaintiffs argue that the procedure Judge Gallo established for selecting deponents "is

5    inherently unfair and will likely result in a skewed pool of deponents." (*Id.* at 4–5.)  Accordingly,

6    Plaintiffs "ask that absent class members be randomly chosen (perhaps by computer) without the

7    involvement of either party." (*Id.* at 5.)  Defendant does not oppose Plaintiffs' request, so long as the

8    randomly selected class members "will be the actual deponents, unless there is some documented

9    reason why they cannot be deposed." (Resp. 4.)  Although the Court perceives no error—clear or

10   otherwise—in the selection procedure Judge Gallo established, the Court will modify it in light of the

11   parties' agreement.  Accordingly, the parties **SHALL ESTABLISH** a mutually agreeable procedure

12   for randomly selecting class members[1] who reside in no more than four major metropolitan areas.

13   Absent compelling justification, the first sixteen class members selected shall compose the deponent

14   pool.  If any randomly selected class member is unavailable, Plaintiffs **SHALL SUBMIT** to

15   Defendant a letter explaining, in detail, why the class member cannot be deposed, "such as the person

16   is deceased, infirm, or otherwise physically or mentally unable to provide a two-hour deposition at

17   a place close to or at that person's residence." (*Id.* at 4.)  If a class member is unavailable, another

18   class member shall be selected at random, and the process shall continue until a sixteen-member

19   deponent pool is secured.  Should a dispute regarding the deponent selection procedure arise, the

20   parties shall meet and confer as required by Local Civil Rule 26.1(a) before submitting the dispute to

21   the magistrate judge.  S.D. Cal. Civ. R. 26.1(a).

22   Third, Plaintiffs argue that Plaintiffs' counsel should be allowed to examine the absent class

23   members during the depositions "to ensure there is a fair and complete record."  (Mem. ISO

24   Objections 5.)  Accordingly, Plaintiffs ask the Court to "order the parties to split the deposition time

25   evenly, allowing each side an hour of examination." (*Id.*)  Defendant opposes Plaintiffs' request but

26

27       [1]  Defendant proposes two eminently reasonable procedures for randomly selecting class
     members: "either . . . a random selection of annuity numbers or . . . a random selection of line numbers
28   from an Excel spreadsheet of all the annuity holders who remain in the class after the opt-out period
     expires." (Resp. 4.)

1    agrees to allow Plaintiffs' counsel to question any deponent "[i]f there is any time left over in any two-

2    hour deposition session." (Resp. 5.)  At the outset, the Court finds that Plaintiffs waived this argument

3    by failing to raise it before Judge Gallo.  *See, e.g.*, *United States v. Melgar*, 227 F.3d 1038, 1040 (7th

4    Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived."); *Lithuanian*

5    *Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 209 (D.N.J. 1997).  However, even if the Court

6    were to consider this objection, the Court would conclude that it lacks merit.  First, this objection

7    ignores the applicable standard of review because there is no decision regarding the allocation of

8    examination time for this Court to review.  *See* 28 U.S.C. § 636(b)(1); *Fidelity*, 196 F.R.D. at 378.

9    Second, the Court would note that Plaintiffs' counsel have unfettered access to Plaintiffs.  If they wish

10   to "ensure . . . a fair and complete record," they can obtain declarations from Plaintiffs at their leisure.

11          For the reasons stated, Plaintiffs' objections regarding the number of depositions and the

12   allocation of examination time during depositions are **OVERRULED**.  In light of the parties'

13   agreement, Plaintiffs' objections regarding the deponent selection procedure are **SUSTAINED**,

14   subject to requirements discussed *supra*.

15          **IT IS SO ORDERED.**

16

17   DATED:  January 19, 2011

18                                                     Honorable Janis L. Sammartino
                                                       United States District Judge
19

20

21

22

23

24

25

26

27

28

- 4 -                                      05cv1018