1   ROBERT W. FISCHER, JR. (Bar No. 057001)
      rfischer@fulbright.com
2   PETER H. MASON (Bar No. 071839)
      pmason@fulbright.com
3   SPENCER PERSSON (Bar No. 235054)
      spersson@fulbright.com
4   **FULBRIGHT & JAWORSKI L.L.P.**
    555 South Flower Street, 41st Floor
5   Los Angeles, California 90071
    Telephone: (213) 892-9200
6   Facsimile: (213) 892-9494

7   KENT R. KELLER (Bar No. 434653)
      kkeller@barwol.com
8   LARRY M. GOLUB (Bar No. 110545)
      lgolub@barwol.com
9   **BARGER & WOLEN LLP**
    633 W. Fifth Street, 47th Floor
10  Los Angeles, CA 90071
    Telephone: (213) 680-2800
11  Facsimile: (213) 614-7399

12  Attorneys for Defendant
    NATIONAL WESTERN LIFE INSURANCE
13  COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NATIONAL WESTERN LIFE INSURANCE DEFERRED ANNUITIES LITIGATION | No. 05 CV 1018 AJB (WVG)<br><br>**NATIONAL WESTERN LIFE INSURANCE COMPANY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF LATE-DISCLOSED EXPERT AND CUMULATIVE WITNESSES**<br><br>[NO. 3 OF 5] |
| This Document Relates to:<br><br>ALL ACTIONS | Date: October 5, 2012<br>Time: 1:30 p.m.<br>Courtroom: 12<br><br>Trial Date: November 5, 2012 |

## I. INTRODUCTION

Defendant National Western Life Insurance Company ("National Western") brings this motion in limine to exclude plaintiffs' late-disclosed expert, Laura Tarbox, and the **28(!)** agent witnesses partially designated by plaintiffs. Ms. Tarbox was not timely disclosed under Federal Rule of Civil Procedure 26(e)(2) and has never submitted an expert report, and therefore must be excluded pursuant to Rule 37(c)(1). The 28 agent witnesses should be limited to testifying about issues relevant to the two certified theories of liability. Given this limited scope, the majority of the 28 should be excluded as cumulative under Federal Rule of Evidence 403.

National Western brings this motion because, after meeting and conferring with plaintiffs' counsel on August 17 and August 31, 2012, plaintiffs would not agree to withdraw these witnesses.

## II. FACTUAL STATEMENT

Pursuant to the Fourth Amended Case Management Conference Order Regulating Discovery And Other Pretrial Proceedings issued in this case on April 13, 2011, each party was to designate expert witnesses and exchange expert reports no later than May 12, 2011. Docket No. 265. Rebuttal expert designations and rebuttal or supplemental reports were due on or before June 9, 2011. Id. Expert discovery closed on July 7, 2011. Id.

On May 12, 2011, plaintiffs disclosed and submitted expert reports for Jeffrey K. Dellinger, Terry M. Long, and Neil D. Pearson. National Western disclosed and submitted expert reports for Craig Merrill, Ernest N. Csiszar, and Michael J. O'Neil. On June 9, 2011, plaintiffs disclosed and submitted expert reports for rebuttal experts Margaret C. Campbell and Richard D. Baum, and submitted a supplemental report for Mr. Dellinger. National Western disclosed and submitted an expert report for rebuttal expert for David J. Weinsier, and submitted a supplemental report for Mr. Merrill.

Eight months later, on February 3, 2012, the parties jointly submitted a proposed pretrial order. Docket No. 326-1. For the first time, on page 16 of that proposed order, plaintiffs identified Laura Tarbox as an expert witness that they intend to call at trial. Ms. Tarbox had never before been identified as a potential witness, expert or otherwise, in this case. In the

Document Prepared on Recycled Paper

proposed order, plaintiffs described Ms. Tarbox as "a financial planner who will testify regarding the use of annuities in retirement planning, the features of annuities and the nature of the market for financial instruments."

It is undisputed that Ms. Tarbox was not timely disclosed and has never submitted an expert report or been deposed, all requirements under Rule 26(e)(2). Nevertheless, plaintiffs claim that Ms. Tarbox was designated in response to National Western's designation of William J. Porter, Jr., a National Western agent, and a percipient witness who plaintiffs wrongly characterize as an expert witness. Mr. Porter is not an expert at all, but is an independent sales agent who offers National Western's annuities for sale and was properly designated -- along with fellow agents Martin Guzman and Steve Johnson -- in response to plaintiffs' designation of 28 agent witnesses.

In the meet and confer conversations, plaintiffs' counsel could not say which, if any, of the 28 sales agent witnesses they intend to call at trial. These agents were identified in the proposed pretrial order as witnesses that plaintiffs "reserve the right to call." Docket No. 326-1 at 16-21.

### III. PLAINTIFFS' LATE-DISCLOSED EXPERT MUST BE EXCLUDED

Federal Rule of Civil Procedure 26(e)(2) specifically requires a party to timely disclose the identity of its expert witnesses in advance of trial, and requires that the expert submit a report and provide a deposition. Ms. Tarbox was not disclosed pursuant to the Court imposed deadlines for expert and rebuttal expert designations on May 12 and June 9, 2011, and has never to this day, fourteen months too late, submitted an expert report in this matter. Ms. Tarbox, first identified *after* the close of expert discovery on July 7, 2011, has also never been deposed.

Federal Rule of Civil Procedure 37(c)(1) reads as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Ms. Tarbox was not disclosed as required under Rule 26(e), and therefore under Rule 37(c)(1) plaintiffs cannot offer her as a witness at trial. Plaintiffs' failure to designate this

DOCUMENT PREPARED ON RECYCLED PAPER

witness, submit an expert report, or offer her for a deposition by the respective discovery deadlines set by this Court requires her exclusion. Torres v. City of L.A., 540 F.3d 1031, 1046-47 (9th Cir. 2008) (finding that experts who are neither timely designated nor provide a report are properly excluded from testifying at trial); Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing expert report submitted one and half months late and noting that plaintiff could have sought extension under Rule 37).

While this Court has discretion to allow the expert testimony of late disclosed witnesses, the burden is on the party offering those witnesses to demonstrate that its belated disclosure is substantially justified or harmless. Torres, 540 F.3d at 1046-47; Yeti By Molly Ltd. v. Deckers Outdoor Corporation, 259 F.3d 1101, 1105-07 (9th Cir. 2001). The party seeking exclusion does not have to demonstrate prejudice. Id.

Plaintiffs have never offered anything to meet their burden on this issue. Ms. Tarbox's late disclosure is far from harmless, because National Western does not know the substance of her testimony. Ms. Tarbox has not submitted an expert report, and has not been deposed in this matter. National Western has not had the opportunity to engage a rebuttal expert, because it does not know the substance of Ms. Tarbox's testimony and, in any case, the deadline for designating rebuttal experts has long since passed. Rule 37(c)(1) is specifically designed to preclude this sort of strategic surprise and unfair advantage.

Plaintiffs' late disclosure of Ms. Tarbox is also not justified, because plaintiffs' purported reason for designating Ms. Tarbox is factually incorrect. Plaintiffs claim that they "designated Ms. Tarbox as an expert witness in response to National Western's untimely and improper designation of William J. Porter Jr." Docket No. 326-1 at 16 n.1. Plaintiffs argue that Mr. Porter "appear[s] to be intent on offering expert, not lay, testimony," and therefore the designation of Ms. Tarbox as a rebuttal witness is appropriate. Id. at 21 n. 3.

Mr. Porter, however, is not an expert witness and will not be offering expert testimony. Rather, Mr. Porter is a percipient witness who can testify about his experiences as a National Western sales agent and financial planner, and discuss the marketing of annuities and other financial products. National Western timely counter-designated Mr. Porter, along with

DOCUMENT PREPARED ON RECYCLED PAPER

Mssrs. Guzman and Johnson, in response to the *28(!)* cumulative insurance agents, financial planners and sales representative that plaintiffs have "reserved the right to call" at trial.

Mr. Porter can discuss the competitive nature of the market for financial instruments, including annuities. Specifically, plaintiffs must prove that National Western, its independent sales agents, and the National Marketing Organizations ("NMOs") that enlist the sales agents form an associated-in-fact enterprise under RICO, specifically that the three have the common purpose to sell National Western's deferred annuities and maximize National Western's profits. Mr. Porter, as a National Western sales agent, can offer percipient testimony that there is no such common purpose.

Ms. Tarbox, on the other hand, is not a sales agent approved to sell National Western's deferred annuities. She, therefore, has no percipient testimony to offer about the sale of National Western's products, or whether National Western, the independent sales agents, and the NMOs form an associated-in-fact enterprise that bands together for a common purpose. She therefore can only offer expert testimony, which plaintiffs concede in designating her as an expert. She was not, however, timely designated, and therefore her testimony must be excluded.

## IV. PLAINTIFFS CANNOT BE ALLOWED TO CALL 28 AGENT WITNESSES AT TRIAL

As set forth above, plaintiffs have listed 28 sales agents that they "reserve the right to call at trial." In fact, plaintiffs have not even identified all of these witnesses, as a number of them are listed only as a "knowledgeable representative" of a particular NMO. Plaintiffs have refused to inform National Western which or how many of these agents that they truly intend to call as witnesses. National Western objects to these agent witnesses, and requests that they be limited in number or excluded at trial under Federal Rule of Evidence 403.

Plaintiffs' certified theories of liability are limited to the alleged false or misleading statements in National Western's **written** sales materials relating to bonuses and commissions. Plaintiffs are entitled to offer agent testimony to try to prove that National Western, the independent agents, and the NMOs associate-in-fact for the common purpose of selling National Western's deferred annuities and maximizing National Western's revenue. Plaintiffs cannot,

DOCUMENT PREPARED ON RECYCLED PAPER

however, offer testimony that is tangential and of no consequence to the certified claims. Certainly, 28 agent witnesses is unnecessary regardless of the substance of their testimony.

Rule 403 permits the Court to "exclude relevant evidence" if it is "needlessly" "cumulative." "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial." <u>United States v. Kizeart</u>, 102 F.3d 320, 325 (7th Cir. 1996) (citation omitted). Here, 28 agent witnesses are not required to prove plaintiffs' RICO claims. Indeed, National Western has designated only 3 agent witnesses, including Mr. Porter, to rebut this testimony. Plaintiffs should be similarly limited, and must be required to tell National Western which of the 28 agents they are actually bringing to trial.

## V. CONCLUSION

Plaintiffs are trying to gain a strategic and unfair advantage in two respects: (1) by offering an expert witness who was disclosed after the deadlines set by this Court, who never submitted an expert report, and who never gave a deposition; and, (2) by offering 28 cumulative, agent witnesses. Plaintiffs' late-disclosed expert must be excluded, and the 28 agent witnesses should be excluded or, at a minimum, limited in number and to testifying about the certified claims.

Dated: September 7, 2012

KENT R. KELLER
LARRY M. GOLUB
**BARGER & WOLEN LLP**

ROBERT W. FISCHER, JR.
SPENCER PERSSON
**FULBRIGHT & JAWORSKI L.L.P.**


By /s/
   SPENCER PERSSON
   Attorneys for Defendant
   NATIONAL WESTERN LIFE
   INSURANCE COMPANY

DOCUMENT PREPARED ON RECYCLED PAPER

## PROOF OF SERVICE

I hereby certify that on September 7, 2012, I electronically filed the following described documents:

NATIONAL WESTERN LIFE INSURANCE COMPANY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF LATE-DISCLOSED EXPERT AND CUMULATIVE WITNESSES

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the following:

| | |
|---|---|
| Stephen R. Basser | sbasser@barrack.com |
| Samuel M. Ward | sward@barrack.com |
| Sundeep Patel | spatel@waterskraus.com |
| Ingrid M. Evans | ievans@waterskraus.com |
| Robert W. Fischer, Jr. | rfischer@fulbright.com |
| Spencer Persson | spersson@fulbright.com |
| Peter H. Mason | pmason@fulbright.com |
| Andrew S. Friedman | afriedman@bffb.com |
| Larry Mark Golub | lgolub@barwol.com |
| John J. Stoia, Jr. | johns@rgrdlaw.com |
| Theodore Joseph Pintar | tedp@rgrdlaw.com |
| Rachel L. Jensen | rjensen@rgrdlaw.com |
| Phong Le Tran | ptran@rgrdlaw.com |
| Steven M. Jodlowski | sjodlowski@rgrdlaw.com |
| Kevin P. Roddy | kroddy@wilentz.com |

I hereby certify that I have mailed the same via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List as follows:

| | |
|---|---|
| Elaine Ryan<br>Bonnett Fairbourn Friedman & Balint<br>2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ 85012 | William J. Ban<br>Barrack Rodos & Bacine<br>Two Commerce Square<br>2001 Market Street, Suite 3300<br>Philadelphia, PA 19103 |

I certify under penalty under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California, September 7, 2012.

/s/ Katherine Brandenburg