UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL WESTERN LIFE INSURANCE DEFERRED ANNUITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:05-cv-1018-GPC-WVG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DECERTIFY THE CLASS**<br><br>**(ECF NO. 387)** |

## INTRODUCTION

Pending before the Court is defendant National Western Life Insurance Company's ("National Western") Motion to Decertify the Class. (ECF No. 387.) Plaintiffs have filed an opposition to National Western's Motion, (ECF No. 390), and National Western has filed a reply, (ECF No. 393). After considering the record in this matter and the parties' submissions, and for the reasons set forth below, the Court **DENIES** National Western's Motion to Decertify the Class.

## BACKGROUND

The relevant facts in this case having been included in several prior orders, the Court will not reiterate them in depth here. In short, this is a consolidated class action lawsuit on behalf of all persons age sixty-five and older who purchased certain deferred annuity investment products from National Western. Plaintiffs claim National Western provided Plaintiffs with sales materials that

1  falsely and deceptively represented they would receive a premium bonus, added to their investment
2  account values, and that the investors would not be charged any sales charges or fees. Plaintiffs claim
3  that, in truth, the premium bonus was illusory because National Western would recoup the bonus, or
4  a portion thereof, by crediting the annuities with less interest than if the annuities did not have a bonus.
5  Plaintiffs additionally claim the annuities do impose a sales charge by way of sales commissions paid
6  to agents. National Western claims Plaintiffs received a valuable product that is exactly what they
7  were told it is, so they have not been damaged in any way.

8        Prior to this case's transfer to this Court, Judge Sammartino certified a national RICO class and
9  a California class. (ECF No. 206.) In certifying the national class, Judge Sammartino concluded, for
10 purposes of analyzing the predominance requirement under Rule 23(b)(3), that common questions of
11 causation predominated over individual ones. With regard to causation, Judge Sammartino first noted
12 that "Plaintiffs have established causation by showing reliance on the alleged misrepresentations."
13 Judge Sammartino stated: "Finding that reliance is a common question in this case is logical,"
14 concluding "[c]onsumers are nearly certain to rely on prominent (and prominently marketed) features
15 of a product which they purchase." Then, citing the proposition that "by definition, parties to a
16 contract are aware of and rely on the representations and omissions in the contract," Judge Sammartino
17 concluded such an inference could be made in this case on a class-wide basis even though the alleged
18 misrepresentations were not actually part of that contract but were included in "written materials about
19 the contract" that Plaintiffs were required to read and understand.

20       In support of her conclusion, Judge Sammartino cited Negrete v. Allianz Life Insurance
21 Company of North America ("Negrete I"), 238 F.R.D. 482, 491 (C.D. Cal. 2006), which provides that
22 "evidence of standardized written presentations, coupled with plaintiffs' allegations that class members
23 purchased annuity products far less valuable than other comparable products or the prices paid for
24 them, adequately establishes proximate causation." Judge Sammartino also cited Garner v. Healy, 184
25 F.R.D. 598 (N.D. Ill. 1999), and Peterson v. H & R. Block Tax Services, Inc., 174 F.R.D. 78 (N.D.
26 Ill. 1997), which, according to Judge Sammartino, "held that classwide reliance was obvious where
27 no other logical explanation would support the class members' behavior." Judge Sammartino lastly
28 cited Poulos v. Caesars World, Inc., 379 F.3d 654, 664-66 (9th Cir.2004), for the proposition that

"reliance can be shown where it provides the 'common sense' or 'logical explanation' for the behavior of plaintiffs and the members of the class."

Judge Sammartino also concluded that damages "should be readily provable class-wide." In so doing, Judge Sammartino relied on evidence submitted by Plaintiffs demonstrating that "funds used to compensate sales people . . . reduce investment value dollar for dollar" and evidence demonstrating that "the 'premium bonus' may produce no additional realizable value to a policyholder in the way of the market value of the Deferred Annuity." Judge Sammartino further found that Plaintiffs' evidence on damages is "directly related to the alleged misrepresentations upon which the Plaintiffs claims to have relied," thus concluding that "causation is susceptible to class treatment because it is a common question."

In reaching her decision, Judge Sammartino rejected National Western's argument that none of the named plaintiffs "relied on the so-called omissions relating to commissions or bonuses." Judge Sammartino concluded that any ambiguity in the named plaintiffs' deposition testimony was overcome by their subsequent declarations and by their attestations that they read and understood the written materials containing the alleged misrepresentations that National Western provided to them at the time of purchase. Accordingly, Judge Sammartino could not "find that none of the Named Plaintiffs relied on the alleged misrepresentations."

**DISCUSSION**

National Western seeks to decertify the national class based on what it asserts are "significant developments in the relevant and law and in the evidence in this case" that have occurred since Judge Sammartino certified the national RICO class. National Western asserts those "significant developments" include the Supreme Court's decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011), and the taking of fifteen randomly selected class member depositions, which National Western asserts "demonstrate that reliance and causation cannot be established by common proof."

**I.     Legal Standard**

"An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); <u>Rodriguez v. West Publ'g Corp.</u>, 563 F.3d 948, 966 (9th Cir.2009) ("A district court may decertify a class at any time."). In deciding whether to decertify a

1  class, a court may consider "subsequent developments in the litigation." Gen. Tel. Co. of S.W. v.
2  Falcon, 457 U.S. 147, 160 (1982). "In considering the appropriateness of decertification, the standard
3  of review is the same as a motion for class certification: whether the Rule 23 requirements are met."
4  Marlo v. United Parcel Serv., Inc., 251 F.R.D. 476, 479 (N.D.Cal.2008).

**II.   Analysis**

   **1.   Dukes**

Rule 23(a)(3) requires a class-action plaintiff "to show that 'there are questions of law or fact common to the class." The commonality inquiry does not require plaintiffs to demonstrate the "predominance" of common issues over individualized ones, nor the "cohesion" of the class. Negrete v. Allianz Life Ins. Co. of N. Am., 2012 WL 6737390, at *10 (C.D. Cal. 2012) (citing Dukes, 131 S. Ct. at 2556 (disclaiming any intent to overlap "Rule 23(a)(2)'s commonality requirement with Rule 23(b)(3)'s inquiry into whether common questions 'predominate' over individual ones")). Rather, "even a single common question" will satisfy Rule 23(a)(2)'s commonality requirement. Dukes 131 S. Ct. at 2556 (internal quotation & citation omitted).

Here, the Court recognizes that an important issue in this litigation is whether class members relied on any of the alleged misrepresentations to their detriment. As set forth above, however, all that is required is a single common question for plaintiffs to satisfy their burden under Rule 23(a)(2). Thus, regardless of whether reliance may require individualized determinations (which the Court believes is not the case, as set forth below), at least one common issue question exists with regard to whether National Western's sales materials included false representations. National Western does not dispute this.

In essence, National Western's argument regarding the necessity to undertake individualized inquiries to demonstrate reliance is really an argument regarding Rule 23(b)(3)'s predominance requirement. That is, National Western's argument does not preclude a finding of at least one common question that can drive the outcome of this litigation. Accordingly, this Court concludes that Rule 23(a)(3)'s commonality requirement remains satisfied under Dukes.

   **2.   Reliance**

National Western argues, as a preliminary matter, that Plaintiffs must prove reliance on the

alleged misrepresentations to demonstrate causation. National Western then argues that Plaintiffs cannot rely on a presumption of reliance because such a presumption is unavailable in non-securities fraud cases and that, even if it applied here, the presumption does not apply in affirmative misrepresentation cases or mixed cases involving affirmative misrepresentations and omissions.

National Western further argues that reliance cannot be inferred on a class-wide basis because the randomly taken deposition testimony rebuts any inference of reliance. National Western argues that the common sense approach applies only when there are no other independent factors that may account for a claimed injury. Then, citing Rowe v. Bankers Life & Cas. Co., 2012 U.S. Dist. LEXIS 43198 (N.D. Ill. Mar 29, 2012), and Hemi Grp., LLC v. City of New York, 130 S. Ct. 983 (2010), National Western argues reasons other than the bonus and lack of sales costs exist to explain why Plaintiffs purchased National Western's annuities. National Western argues such reasons include, for example, "safety, growth of their funds, tax deferral and estate planning."

In opposition, Plaintiffs argue that, while reliance is not an element of their RICO claim, both Judge Sammartino and Judge Battaglia found that proof of causation can be established through a classwide inference of reliance. Plaintiffs assert they are not relying on the presumption of reliance typically applied in securities fraud cases. Rather, Plaintiffs argue that Judge Sammartino correctly applied the common sense analysis in finding an inference of reliance.

Plaintiffs assert Judge Sammartino's application of the common sense approach remains sound. Plaintiffs further assert that National Western's reliance on Rowe and Hemi is misplaced. Plaintiffs argue Rowe is easily distinguishable because, in that case, there was no evidence of uniform misrepresentations or of the plaintiffs having signed anything indicating they read and understood the materials containing the alleged misrepresentations. Plaintiffs argue Hemi is similarly distinguishable because, in that case, a direct link between the injury and the allegedly wrongful conduct was missing.

In reply, National Western reiterates that the randomly taken depositions make it "impossible to conclude on a class-wide basis that the claimed misrepresentations were the 'logical explanation' or 'common sense' cause for the purchase of the National Western annuities."

As the Supreme Court has explained, "to state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a but for cause of his injury, but was the

1  proximate cause as well." Hemi Group, 130 S. Ct. at 989 (internal quotations omitted). "Proximate
2  cause for RICO purposes . . . should be evaluated in light of its common-law foundations; proximate
3  cause thus requires some direct relation between the injury asserted and the injurious conduct alleged."
4  Id. (internal quotation omitted). "A link that is too remote, purely contingent, or indirect is
5  insufficient." Id. (internal quotations omitted).

6      "In some cases, reliance may be a 'milepost on the road to causation.'" Paulos v. Caesars
7  World, Inc., 379 F.3d 654, 664-65 (9th Cir. 2004). Indeed, in holding that first-party reliance is not
8  an element of a civil RICO claim predicated on mail fraud, the Supreme Court noted that "none of this
9  is to say that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail
10 without showing that someone relied on the defendant's misrepresentations." Bridge v. Phoenix Bond
11 & Indemnity Co., 553 U.S. 639, 649 (2008) (emphasis in original).

12     Here, Judge Sammartino observed that "Plaintiffs have established causation by showing
13 reliance on the alleged misrepresentations," and that Plaintiffs could demonstrate reliance on a class-
14 wide basis given (1) the prominent nature of the alleged misrepresentations, (2) the fact that seniors
15 were required to sign an acknowledgment that they read and understood the materials containing the
16 alleged misrepresentations, and (3) the availability of class-wide proof connecting the alleged
17 misrepresentations to diminished returns. This Court agrees that this evidence provides a method for
18 Plaintiffs to establish proximate causation on a classwide basis.

19     As Judge Sammartino noted, the district courts in Garner, 184 F.R.D. 598, and Peterson, 174
20 F.R.D. 78 (N.D.Ill.1997), certified classes because reliance could be inferred through a common sense
21 link between a defendant's alleged misrepresentations or omissions and the class members' actions.
22 Moreover, as noted by Plaintiffs, the Central District of California concluded in both Negrete I and
23 Negrete II that evidence of standardized written presentations coupled with evidence that the annuities
24 offered in that case were worth less than similar products sufficed to demonstrate causation on a class
25 wide basis. Negrete II, 2012 WL 6737390, at *20 (C.D. Cal. Dec. 27, 2012); Negrete I, 238 F.R.D.
26 at 492.

27     As National Western correctly notes, however, there have been instances where courts have
28 refused to apply a common sense approach.

In Paulos, the Ninth Circuit affirmed a district court's denial of certification of a class of patrons asserting a RICO claim against several casinos, alleging the casinos induced patrons to gamble through a course of fraudulent conduct. Paulos, 379 F.3d at 658-59. In refusing to recognize an inference of reliance, the Ninth Circuit observed "there may be no single, logical explanation for gambling – it may be an addiction, a form of escape, a casual endeavor, a hobby, a risk-taking money venture, or scores of other things." Id. at 668.

In Rowe, the court refused to apply the common sense analysis finding that seniors may purchase annuities for a variety of reasons independent of representations made in sales materials. Plaintiff correctly asserts, however, that the Rowe court refused to apply the common sense analysis because the plaintiff in that case failed to offer evidence that the defendant's alleged misrepresentations were uniform in nature and that each potential class member received the document containing the alleged misrepresentations. Rowe, 2012 U.S. Dist. LEXIS 43198, at *31. In contrast, Plaintiffs here have presented evidence of uniform misrepresentations and of each class member, not only having received the materials containing the alleged misrepresentations, but also having attested to reading and understanding those materials.

Thus, in sum, the Court finds no reason to disturb Judge Sammartino's conclusion that Plaintiffs can demonstrate causation on a classwide basis through an inference of reliance. Garner, Petersen, Negrete I, and Negrete II all support this conclusion. While subsequent cases such as Rowe and Hemi might appear to require a different result, those cases, as set forth above, are easily distinguishable. The remaining question is whether the randomly selected depositions require a different result.

National Western asserts the randomly taken depositions confirm that "'independent factors' abound and the 'common sense' rationale cannot be applied." Plaintiffs argue that the randomly taken depositions do not rebut the inference of reliance as a matter of law.

Plaintiffs cite several authorities for the proposition that a classwide presumption of reliance can only be rebutted if there is evidence that can be properly generalized to the class as a whole, including Plascencia v. Lending 1st Mortg., 2011 U.S. Dist. LEXIS 136078, at *7-8 (N.D. Cal. Nov. 28, 2011); In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 523 (S.D.N.Y. 1996); and

In re Live Concert Anitrust Litig., 247 F.R.D. 98, 141 (C.D. Cal. 2007).

In reply, National Western argues Plascencia is inapplicable because it relied on Iorio v. Allianz Life Ins. Co., 2008 U.S. Dist. LEXIS 118344 (S.D. Cal. July 8, 2008), in which defendants were eventually allowed to take the depositions of absent class members. National Western also cites Bruhl v. Pricewaterhouse Coopers Int'l, 2010 U.S. Dist. LEXIS 129504 (S.D. Fla. Dec. 8, 2010), in which the court stated that "[o]ne way for Defendants to contest the claim of class reliance or the alleged reasonableness of the class's reliance is to attempt to discover evidence from class members who either did not consider or rely on the alleged misrepresentations."

The Court finds National Western's arguments unpersuasive. The Plascencia court's conclusion that a classwide presumption of reliance can only be rebutted by evidence that can be properly generalized to the whole class is well taken. As Judge Sammartino concluded, National Western has not presented evidence that would permit a finding "that none of the Named Plaintiffs relied on the alleged misrepresentations." This Court finds National Western still has not presented any evidence that would permit such a finding. In other words, National Western's evidence cannot be properly generalized to the whole class. Moreover, National Western's reliance on Bruhl is misplaced, as the issue there was whether the defendants should be permitted to take the depositions of absent class members in general – not whether certification was appropriate. It may be that taking the depositions of absent class members would result in evidence that would rebut an inference of reliance on a classwide basis. That is not the case here. Thus, based on the foregoing analysis, the Court concludes National Western's Motion to Decertify the Class should be denied.[1]

## CONCLUSION

After considering the record in this matter and the parties' submissions, **IT IS HEREBY ORDERED** that National Western's Motion to Decertify the Class is **DENIED**. The hearing on

---

[1] National Western also argues that the class representatives are no longer appropriate representatives because, "based on their deposition testimony, [they] have not suffered the same claimed injury as the class members." In opposition, Plaintiffs correctly argue that Judge Sammartino addressed and rejected this argument in her July 2010 class certification order. Because National Western does not present any new or changed circumstances – other than stating there is a question of whether the representative of Miller's estate, can be substituted in Miller's place – the Court finds no reason at this juncture to reconsider whether the classed representatives can adequately represent the class.

1  National Western's Motion, currently set for February 15, 2013, is therefore **VACATED**.

2       **SO ORDERED**.

3  DATED: February 14, 2013

                                            HON. GONZALO P. CURIEL
                                            United States District Judge