UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NATIONAL WESTERN LIFE INSURANCE DEFERRED ANNUITIES LITIGATION<br><br>This Document Relates To:<br><br>　　ALL ACTIONS. | No. 05-cv-1018-GPC-WVG<br><br>**FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FAIRNESS HEARING (ECF NO. 415)** |

///

///

///

///

///

///

///

///

///

///

///

///

The Court has considered the motion of Plaintiffs Anita Williams, as Trustee for Estate of George J. Miller, and Marie Sweeney, individually, and on behalf of the Settlement Class as defined in the Settlement and Release Agreement (collectively "Plaintiffs"), for preliminary approval of the proposed class action Settlement reached with Defendant National Western Life Insurance Company ("National Western"). (ECF No. 415.)  After considering the Settlement and Release Agreement, the moving papers, and all other matters presented to the Court, the Court finds that:

1. Plaintiffs filed a consolidated and amended complaint in this action on June 12, 2006 on behalf of themselves and a nationwide class of senior citizens who had purchased National Western's deferred annuities.  Plaintiffs allege violations of civil RICO, elder abuse, unlawful, deceptive and unfair business practices, unfair, deceptive and misleading advertising, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent concealment, breach of the duty of good faith and fair dealing, and unjust enrichment and imposition of a constructive trust.

2. National Western expressly denies any and all wrongdoing alleged in the pleadings and Plaintiffs' other filings, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action.  National Western contends that Plaintiffs' allegations do not constitute a claim on which relief can be granted and are not sustainable as a matter of law.  In addition, National Western contends that it has fully performed all of its obligations under the annuity contracts and has delivered on its promises in the annuity contracts made to its policyholders. In addition, National Western contends that Plaintiffs would be unable to prove the elements of the causes of action at trial, and that this would be fatal to both individual and class claims.

3. The proposed Settlement resulted from numerous arm's-length mediation sessions before Justice John K. Trotter and was concluded only after Plaintiffs and

National Western conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as National Western's defenses.

4. Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as: (a) the benefits to Plaintiffs and the Settlement Class provided by the Settlement and Release Agreement; (b) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating the Settlement and Release Agreement in order to provide relief to Plaintiffs and the Settlement Class. National Western considers it desirable for this Action to be settled and dismissed because this proposed Settlement will finally put Plaintiffs' claims and the underlying matters to rest. National Western is also entering into this Settlement and Release Agreement to avoid the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

5. The Parties have entered into a Settlement and Release Agreement previously filed with this Court.

6. The Court has reviewed the Settlement and Release Agreement (and all the attachments thereto) and determined the proposed Settlement to be fair, reasonable, adequate and within the range of possible approval. The proposed Settlement does not improperly grant preferential treatment to the Class Representatives or any segment of the Settlement Class. The proposed Settlement is sufficient to warrant sending notice to the Settlement Class. The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and objections to the proposed Settlement are fair, reasonable, and in the best interests of the Settlement Class.

7. Based on Plaintiffs' motion, the memorandum of points and authorities, the Settlement and Release Agreement, and all supporting exhibits and attachments, the Court preliminarily certifies the Settlement Class, as defined in Paragraph II.A.35

of the Settlement and Release Agreement. The Court hereby finds for settlement purposes that:

    (a)    the numerosity requirement of Rule 23(a)(1) is satisfied because the proposed settlement Class comprised of more than 10,000 owners of over 12,000 Annuities satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impractical;

    (b)    the commonality requirement of Rule 23(a)(2) is satisfied because National Western products owned by the various Settlement Class Members have similar elements;

    (c)    the typicality requirement of Rule 23(a)(3) is satisfied because the products provided to Plaintiffs were similar to those provided to members of the Settlement Class;

    (d)    the adequacy requirement of Rule 23(a)(4) is satisfied because: (i) Class Counsel are qualified and competent to prosecute the Action vigorously; (ii) Plaintiffs' interests are not antagonistic to the interests of the Settlement Class; and (iii) Class Counsel and Plaintiffs have fairly and adequately protected the interests of the Settlement Class; and

    (e)    common questions "'predominate over any questions affecting only individual members'" and "class resolution [is] 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

8.    The Court has reviewed the Class Notice Package, including the class notice and the claim form contained therein, attached to the Settlement and Release Agreement as Exhibits A and B. The Court has determined that mailing the Class Notice Package to the last known addresses of the Settlement Class Members:

    (a)    constitutes the best practicable notice under the circumstances;

(b)    is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement;

(c)    is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d)    meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    The Motion for Preliminary Approval is **GRANTED**. The Court preliminarily approves the proposed Settlement. All defined terms in the foregoing findings and this Order shall have the same meanings as in the Settlement and Release Agreement.

2.    The Settlement Class, as defined in Paragraph II.A.35 of the Settlement and Release Agreement, is preliminarily certified for settlement purposes only.

3.    Robbins Geller Rudman & Dowd LLP and Barrack Rodos & Bacine shall serve as Class Counsel for the Settlement Class. Anita Williams, as the Trustee for the Estate of George J. Miller, and Marie Sweeney shall serve as representatives of the Settlement Class.

4.    A hearing (the "Fairness Hearing") will be held on **January 10, 2014, at 1:30 p.m.** before the undersigned in the United States District Court for the Southern District of California to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

5.    The Court approves the proposed Class Notice Package and the plan for giving notice.

6.    National Western and Class Counsel are authorized to:

(a)    establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Settlement and Release Agreement; and

(b) retain an Administrator to help administer the proposed Settlement, including the notice provisions.

7. The Court appoints Rust Consulting, Inc. as the Administrator to implement the terms of the Settlement and Release Agreement.

8. The Administrator shall mail the Class Notice Package to each Settlement Class Member by first-class mail, postage prepaid, to his or her last known address no later than 21 days after entry of this Order, as described in the Settlement and Release Agreement.

9. The Administrator shall file proof of the mailing of the Class Notice Packages at or before the Fairness Hearing.

10. Class Counsel shall file their petition for approval of Class Counsel's fees and expenses and Motion for Final Approval of the Settlement no later than 24 days after the mailing of the Class Notice Packet.

11. National Western is prohibited from communicating with Settlement Class Members about the Action or the Settlement, but National Western is not precluded from:

(a) speaking to Settlement Class Members in the ordinary course of National Western's business, provided that if Settlement Class Members contact National Western regarding the Action or the Settlement, National Western shall direct such Settlement Class Members to contact the Claims Administrator or Class Counsel; or

(b) communicating with agents and employees of National Western or communicating with its auditors, rating agencies, insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement.

12. Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must submit to the Administrator an appropriate, timely

written request for exclusion, postmarked no later than 45 days after mailing of the Class Notice Package, in care of the address provided in the class notice.

13. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against National Western relating to Annuities issued during the class period.

14. Each Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement and Release Agreement, the proposed Settlement, or to the award of attorney's fees and expenses, shall serve on Class Counsel and National Western's Counsel, and file with the Court, no later than or 45 days after mailing of the Class Notice Package, a statement of the objection, as well as the specific reasons, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, or be forever barred from separately objecting.

15. Any attorney hired by a Settlement Class Member at the Settlement Class Member's expense for the purpose of objecting to the Settlement and Release Agreement, the proposed Settlement, or the award of attorney's fees and expenses, shall file with the Clerk of the Court and deliver to Class Counsel and National Western's Counsel a notice of appearance no later than 45 days after mailing of the Class Notice Package or as the Court otherwise may direct.

16. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense (who has filed a timely notice to appear), shall deliver to Class Counsel and National Western's Counsel, and file with the Court no later than 45 days after mailing of the Class Notice Package a notice of intention to appear at the Fairness Hearing.

17. The Administrator shall rent one or more post-office boxes to be used for receiving requests for exclusion from the Settlement Class and any other communications, and provided that no one other than the Court or the Clerk of the Court and the Administrator shall have access to these post-office boxes.

18. National Western's Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession that are not otherwise provided by the Administrator.

19. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the proposed Settlement or to comply with the terms of the Settlement and Release Agreement. Further, pending the Court's final determination of whether the proposed Settlement will be approved, each and every Settlement Class Member who has not excluded himself or herself from the Settlement, the Settlement Class Member's representatives, and/or all persons in active concert or participation with such Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as Settlement Class Members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of action, facts, and/or circumstances alleged in the Action and/or the Released Claims.

20. This order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement and Release Agreement; or (b) the Settlement is

terminated in accordance with the terms of the Settlement and Release Agreement or does not become effective as required by the terms of the Settlement and Release Agreement for any other reason. In such event, the Settlement and Release Agreement shall become null and void and be of no further force and effect, and the Settlement and Release Agreement shall not be used or referred to for any purpose whatsoever.

21. In no event shall the Settlement and Release Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Action, any other action, or in any other proceeding, except in a proceeding to enforce the Settlement and Release Agreement. Without limiting the foregoing, neither the Settlement and Release Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of, any matter, including but not limited to any liability or wrongdoing on the part of National Western or as evidence of the appropriateness of certification of any class.

22. The Court reserves the right to continue the Fairness Hearing without further written notice to the Settlement Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement and Release Agreement.

**IT IS SO ORDERED.**

DATED: August 30, 2013

HON. GONZALO P. CURIEL
United States District Judge